IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

**JAMES SKINNER**  **CIVIL ACTION**

**VERSUS**  **No: 25-211-BAJ-EWD**

**DARREL VANNOY, WARDEN**

**PETITIONER'S MOTION TO STAY AND ABEY FEDERAL HABEAS PROCEEDINGS**

COMES NOW the Petitioner, James Skinner, by and through counsel, and respectfully moves this Court to stay all proceedings in this Court related to his Application for a Writ of Habeas Corpus and to hold his Application in abeyance, pending the resolution of his Motion for Authorization to File Application for Writ of Habeas Corpus in District Court, filed this day with the Fifth Circuit Court of Appeals.

In support of his motion, counsel for Mr. Skinner states as follows:

Mr. Skinner was tried and convicted in Livingston Parish for second degree murder in May 2005; he was sentenced to life in prison. Mr. Skinner filed a prior application for habeas corpus in 2010, which was denied. It was assigned case number 3:10-cv-601. He sought a certificate of appealability from the district court and the Fifth Circuit Court of Appeal, both of which denied him. He was unaware at the time that the State was hiding favorable material evidence from him. He remained unaware until his co-defendant, Michael Wearry, had his conviction vacated by the U.S. Supreme Court in 2016 finding, "Beyond doubt, the newly revealed evidence serves to undermine confidence in Wearry's conviction. The State's trial evidence resembles a house of cards. . . ." *See Wearry v. Cain*, 577 U.S. 385 (2016). After that decision, undersigned counsel from Innocence Project New Orleans investigated Mr. Skinner's case and discovered new hidden evidence and other proof that Mr. Skinner did not have a fair trial. The full procedural history of

this case prior to this round of federal proceedings is presented in his Application for Writ of Habeas Corpus.

Mr. Skinner has fully exhausted his remedies in state court and now files a federal habeas application under 28 U.S.C. § 2254. He is filing the accompanying application for a writ of habeas corpus based on the new evidence revealed by *Wearry* and other new evidence that undermine his conviction. Because he has filed a previous uncounseled habeas application he simultaneously seeks authorization from the Fifth Circuit Court of Appeals to allow him to litigate his claims in this Court. App'x A. However, "a motion for authorization to file a successive petition is not itself an 'application for a writ of habeas corpus.' As a consequence, the filing of such a motion does not satisfy the one-year statute of limitations under the AEDPA." *Fierro v. Cockrell*, 294 F.3d 674, 680 (5th Cir. 2002). So as to ensure that his Application for Writ of Habeas Corpus is timely filed in federal court, as required by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(D) ("AEDPA"), Mr. Skinner, through counsel, files his habeas application here and respectfully asks this court to stay the proceedings and hold in abeyance any ruling pending a disposition from the Fifth Circuit.

Moreover, Mr. Skinner wishes to preserve his right to present full argument to this Court, should the Fifth Circuit deny his Motion for Authorization, that his petition should not be considered successive but rather second-in-time in light of the fact that the State's misconduct made it impossible for him to raise these claims at the time of his first habeas application. The Fifth Circuit has held that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain,* 137 F.3d 234, 235 (5th Cir.1998). "[A] later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."

*In re Cain,* 137 F.3d 234, 235 (5th Cir.1998). Mr. Skinner's claims are not an abuse of the writ because, unlike other petitioners whose *Brady* claims the Fifth Circuit has found to be filed in successive petitions, Mr. Skinner had no way of knowing the information he alleges in this petition at the time he filed the first application. *See In re Young*, 789 F.3d 518, 526-27 (5th Cir. 2015) (petitioner's *Brady* claim was brought in a prior petition); *In re Swearingen*, 556 F.3d 344, 349 (5th Cir. 2009) (dismissing *Brady* claims because "claims were either known at the time of trial, or with the exercise of diligence, could have been discovered in time for presentation in first federal habeas petition); *Kutzner v. Cockrell,* 303 F.3d 333, 338 (5th Cir. 2002) ("Kutzner has no other explanation for why he did not raise the instant issue earlier…essentially all of the 'suppressed' evidence was discussed at trial"). Mr. Skinner files this habeas application with proof that the State was hiding favorable material evidence from him before, during, and after his trial, resulting in his wrongful conviction and incarceration for the last 25 years.

Mr. Skinner therefore moves this Court to stay proceedings pending the resolution of his motion at the Fifth Circuit. Mr. Skinner anticipates that this will only be a brief stay as the Court of Appeals must dispose of his motion within 30 days of it being filed. *See* 28 U.S.C. § 2244(b)(3)(D). The State of Louisiana, represented by the Livingston Parish District Attorney's Office, wishes to make a "record objection" to this filing.

## CONCLUSION

Wherefore Mr. Skinner respectfully moves this Court to stay all proceedings related to his Application for Writ of Habeas Corpus and to hold his Application in abeyance, pending the Fifth Circuit's disposition of his Motion for Authorization to File Application for Writ of Habeas Corpus in District Court.

Respectfully submitted,

/s/ Meredith Angelson
Jee Park, Bar No. 31522
Meredith Angelson, Bar No. 32995
Innocence Project New Orleans
4051 Ulloa Street
New Orleans, LA 70119
(504) 943-1902
jeep@ip-no.org/mereditha@ip-no.org

*Counsel for Mr. Skinner*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES SKINNER,** | ) |
| | ) |
| Petitioner, | ) |
| | )    No. _____ |
| v. | ) |
| | ) |
| **DARREL VANNOY, WARDEN,** | ) |
| | ) |
| Respondent. | ) |

## ORDER

It is hereby ordered that proceedings in this matter are stayed pending the resolution of Mr. Skinner's Motion for Authorization to File a Successive Habeas Petition in the Fifth Circuit Court of Appeals.

**ORDERED** this the _____ day of _____ 2025.

_____
**JUDGE**

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of March, 2025, I served a copy of the foregoing motion, via electronic mail to Brett Sommer, Assistant District Attorney, Livingston Parish District Attorney's Office, 20300 Government Boulevard, Livingston, LA, 70754.

/s/ Meredith Angelson
MEREDITH ANGELSON
Counsel for Mr. Skinner